UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
      :
VINCENT FELICIANO, et al.      :
      :
             Plaintiffs,  :
      :      18-CV-26 (VSB)
     -v-      :
      :      **ORDER**
      :
METROPOLITAN TRANSPORTATION  :
AUTHORITY, et al.      :
      :
             Defendants.  :
------------------------------------------------------------- X

VERNON S. BRODERICK, United States District Judge:

      The Court has been advised that the parties have reached a settlement in this Fair Labor Standards Act ("FLSA") case. (Docs. 79, 80, 97.) Parties may not privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). In the absence of Department of Labor approval, the parties must satisfy this Court that their settlement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, No. 15-CV-3068, 2015 WL 5915843, at *1 (S.D.N.Y. Oct. 7, 2015). For the reasons stated herein, I find that the parties' settlement is fair and reasonable and therefore approve the settlement.

    **I.**    **Legal Standard**

      To determine whether a settlement is fair and reasonable under the FLSA, I "consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or

collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). "In addition, if attorneys' fees and costs are provided for in the settlement, district courts will also evaluate the reasonableness of the fees and costs." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020). In requesting attorneys' fees and costs, "[t]he fee applicant must submit adequate documentation supporting the [request]." *Id.* The Second Circuit has described a presumptively reasonable fee as one "that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." *Restivo v. Hessemann*, 846 F.3d 547, 589 (2d Cir. 2017) (citation omitted). A fee may not be reduced "merely because the fee would be disproportionate to the financial interest at stake in the litigation." *Fisher*, 2020 WL 550470, at *6 (citing *Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005)). "When a district court concludes that a proposed settlement in a FLSA case is unreasonable in whole or in part, it cannot simply rewrite the agreement, but it must instead reject the agreement or provide the parties an opportunity to revise it." *Fisher*, 948 F.3d at 597.

## II.  Discussion

Pursuant to my Order of December 19, 2019, (Doc. 80), the parties have submitted a letter detailing why they believe the settlement reached in this action, and the contemplated attorney's fees, are fair and reasonable, (Doc. 97). I have independently reviewed the settlement agreement and the supporting evidence in order to determine whether the terms of the settlement agreement are fair, reasonable, and adequate. I believe that they are and therefore approve the settlement agreement of the parties.

### A.  *Settlement Amount*

I first consider the settlement amount. The agreement provides for a settlement amount of $5,400,000.00, with $1,799,820.00 to be distributed in attorney's fees and costs, for a total distribution to Plaintiffs of $3,600,180.00. (Doc. 97.) Counsel represents that the maximum

recovery for the Plaintiffs in this case would be $8,427,935.36, which represents total actual and liquidated damages. (Doc. 97, at 4.) The settlement amount therefore represents 64% of the total claimed possible recovery, which constitutes a sizable portion of the possible recovery in this case. The parties assert that this settlement amount is fair in light of the litigation risks particular to this case. For instance, Defendants asserted various defenses including exemption and statute of limitations defenses, which could foreclose Plaintiffs' claims entirely, and also asserted other fact-intensive defenses that could substantially reduce Plaintiffs' recovery if successful. (*Id.* at 4.) The parties' settlement agreement was the result of arm's-length negotiations, and was finalized by sophisticated parties after extensive discovery, a settlement conference with the Magistrate Judge, and two full mediation sessions through the Southern District Mediation Office. In addition, the potential costs of continued litigation militate in favor of settlement of this case. Should the settlement agreement be rejected, the parties would face costly additional expert discovery, motion practice, or an eventual trial involving fact-intensive issues. Finally, there is no basis for me to believe that there was any fraud or collusion involved in the settlement. Therefore, based on the representations of the parties and my own analysis of the totality of the circumstances present here, I find that the settlement agreement appears to be a fair and reasonable resolution of this dispute.

### B. *Attorney's Fees*

I next consider the attorney's fees contemplated in the settlement agreement. The attorney's fees sought total $1,799,820.00 in fees, representing approximately one-third of the total settlement amount, and Plaintiffs' counsel further seeks $80,816.08 in unreimbursed costs. (*Id.* at 6.) In support of this request, Plaintiffs' counsel has submitted its billing records and costs in this case, which total $1,913,137.50 and $80,816.08, respectively. (Doc. 97-1.) Plaintiffs' counsel represents that it was retained on a pure contingency basis. (Doc. 97, at 6.) As an initial matter, courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases. *See Pinzon*

*v. Jony Food Corp.*, No. 18-CV-105 (RA), 2018 WL 2371737, at *3 (S.D.N.Y. May 24, 2018) ("When using a 'percentage of the fund' approach, 'courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases.'" (quoting *Meza v. 317 Amsterdam Corp.*, No. 14-CV-9007 (VSB), 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015)).  Plaintiffs' counsel has expended significant time and effort on this case, including time investigating and researching Plaintiffs' claims; appearing at a settlement conference and multiple mediation conferences; completing extensive discovery—including 16 depositions and document discovery for 169 plaintiffs—and negotiating and executing the settlement.  A one-third award in this case is far from a windfall for Plaintiffs' counsel, but instead represents reasonable compensation for the work put into this case.  This conclusion is buttressed by the fact that the requested amount represents a negative lodestar multiplier of 0.94.  *See Sakikio Fujiwara v. Sushi Yasuda, Ltd.*, 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014) (noting that "a [lodestar] multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases"); *Johnson v. Brennan*, No. 10-CV-4712 (CM), 2011 WL 4357376, at *20 (S.D.N.Y. Sept. 16, 2011) ("Courts regularly award lodestar multipliers from two to six times lodestar.").  Based on this analysis, I find the attorney's fees and costs contemplated in the settlement agreement to be fair and reasonable.

      **C.**    *Service Awards for Named Plaintiffs*

Plaintiffs further request that I grant service awards of $15,000 each to the five Named Plaintiffs in this case. (Doc. 97, at 9.)  These Named Plaintiffs were instrumental in investigating Plaintiffs' claims, participated in full-day depositions, and attended the settlement and mediation conferences that led to this successful resolution.  Plaintiffs' counsel further represents that the Named Plaintiffs were vital to counsel's analysis of Plaintiffs' compensation records and the preparation of damages calculations.  In light of the personal risks incurred by the Named Plaintiffs in instituting this litigation against their employers, the time and effort expended by the Named

Plaintiffs in furthering the prosecution of this litigation, and the ultimate recovery achieved for all 169 Plaintiffs, I find that the additional service awards are reasonable. *See, e.g.*, *Manley v. Midan Rest. Inc.*, No. 14 CIV. 1693 (HBP), 2017 WL 1155916, at *13 (S.D.N.Y. Mar. 27, 2017) ("The $15,000.00 service award represents approximately 1.64% of the $912,500.00 settlement fund. This is well within the range of service awards recently approved in this District."); *Sewell v. Bovis Lend Lease, Inc.*, No. 09 CIV. 6548 RLE, 2012 WL 1320124, at *14 (S.D.N.Y. Apr. 16, 2012) (granting an award of $15,000 to a FLSA class representative); *Reyes v. Altamarea Grp., LLC*, 2011 WL 4599822, at *9 (S.D.N.Y. Aug. 16, 2011) (granting an award of $15,000 to three class representatives).

### III.  Conclusion

For the reasons stated above, I find that the parties' proposed settlement agreement is fair and reasonable. The settlement agreement of the parties is hereby APPROVED. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated:    May 6, 2020
         New York, New York

*Vernon Broderick* (signature)
Vernon S. Broderick
United States District Judge